18    291·
67    406,

## H. M. MAYBERRY V. A. SIVEY.

1. CARELESSNESS; NEGLIGENCE; *Reckless Driving; Liability for Injury.*
Where M., being the owner and in the possession of a horse and buggy, driven by himself, asks S. to ride with him, and S. accepts the invitation, and thereafter M. overtakes C. on a public highway driving a team of horses, and, attempting to pass C. and his team, races with him on the road against the protest of S., and refuses to stop and let S. out of the buggy as he requests, and drives so carelessly and negligently that his buggy strikes the fence along the side of the road, and overturning throws S. violently out against the fence, and on the ground, and S. is injured thereby, *held*, that M. is guilty of such negligence as to be liable to S. for the injuries received by him in being thrown from the buggy.

2. WITNESS—*Must be Sworn, or Affirmed.* Before a person can give evidence in a court, he must take an oath, or affirmation, as required by the provisions of our statute.

### *Error from Bourbon District Court.*

ALL the facts will appear in the opinion, *infra.* Judgment was given for *Sivey*, at the December Term 1875, and *Mayberry*, defendant, brings the case here.

*McComas & McKeighan,* for plaintiff in error, that there was no want of care or diligence, cited Wharton on Neg., § 82; and that witness Hayes was improperly permitted to testify, 1 Greenl. Ev. § 329; 1 Phil. Ev., ch. 2, p. 7.

*C. O. French,* for defendant in error, that the fact that Sivey was riding free, did not affect the question of liability,

cited 14 How. 468; that the testimony of Hayes was properly received, Gen. Stat., p. 695, §339, and p. 598, §§3, 5.

The opinion of the court was delivered by

HORTON, C. J.: This was an action for personal injuries. The petition alleged among other things, that in the month of February 1875, the defendant was in the city of Fort Scott, and the owner and in possession of a buggy and one horse, which he was then driving; that defendant lived and resided near plaintiff, some four miles from Fort Scott; that he asked and invited plaintiff to get into his buggy, and ride home with him; that plaintiff accepted the invitation, got into the buggy with defendant, and started for home; that while on their way home, and when about one-half mile from Fort Scott, defendant overtook one Clark, driving a span of horses, and a wagon; that defendant challenged Clark for a race, and immediately whipped up his horse to pass Clark; that Clark whipped up his team to prevent defendant from passing him; that thereupon plaintiff, seeing a race imminent, and being in great fear of bodily injury, begged and insisted that defendant should stop and let him out, which defendant refused to do; that against the repeated protests and requests of plaintiff to defendant to stop and let him out, defendant continued to race recklessly, carelessly and negligently, driving his horse at full speed, when, without the fault of the plaintiff, the defendant in trying to pass the team of Clark so carelessly, willfully and negligently drove his horse and buggy that the buggy struck a stone fence which overturned the buggy and threw plaintiff violently out upon the ground and fence, whereby plaintiff was severely bruised and wounded, and was by reason of the wounds and bruises caused by the negligence of the defendant confined to his house and bed for six weeks, suffering intense pain of body and mind. Upon the trial in the court below the jury returned a verdict for Sivey for $400, and judgment was rendered accordingly. The defendant brings the case here for review.

I. The plaintiff in error claims that the action cannot be maintained upon the averments of the petition, and the evidence given by the defendant in error. We think otherwise. The petition sufficiently set forth a good cause of action against Mayberry, and the evidence of Sivey supports all the allegations of the petition, except it does not appear therefrom that Mayberry willfully drove his horse and buggy so as to throw Sivey out. That Mayberry acted in a careless and negligent manner, is apparent; and the law requires from all persons, including those who render gratuitous services, reasonable care for the safety of life and person. Such care Mayberry did not exercise. His conduct was the more reprehensible, from the fact that he refused to permit Sivey to get out of the buggy, when he was anxious so to do for fear of impending danger; and in answer to the entreaties of Sivey to let him out, he exhibited his recklessness and rashness in saying, "Never mind, old man, old Bill (meaning his horse) will bring us through all right; if he don't, old Mayberry will pay the damages." Mayberry is not excused from liability in the case, because Sivey was not to pay anything for his ride. "A person who undertakes to do service for another is liable to such other person for want of due care and attention in the performance of the service, even though there is no consideration for such undertaking. The confidence accepted is an adequate consideration to support the duty." (Whar. on Neg. 355.)

II. Upon the trial, the plaintiff below introduced one William Hayes, who, when placed upon the stand, declined to be sworn or affirmed, on the ground that he had conscientious scruples against taking an oath or affirmation. Witness also said that he regarded the scriptural injunction, to "let your communications be yea, yea, and nay, nay, and whatsoever is more than this cometh of evil," as binding upon his conscience, and that to take the oath or affirmation, as prescribed by the statute, would be a violation of his conscience and religious convictions. The court then directed the clerk to repeat the following words to the witness: "You do sol-

emnly state that the evidence you shall give in the case wherein A. Sivey is plaintiff, and H. M. Mayberry is defendant, shall be the truth, the whole truth, and nothing but the truth." Which was done, and the witness signified his assent thereto by saying, "*I do.*" To all of which the defendant objected. The court overruled his objection, and defendant excepted. The plaintiff then proceeded to examine Hayes as a witness, and the defendant objected to Hayes giving in any testimony until he was either sworn or affirmed in the manner required by statute. The court overruled the objection, and permitted Hayes to make statements to the jury, (without being affirmed or sworn except as above stated,) to the following effect:

"I am a physician and surgeon; have been practicing about fourteen years; was called to see plaintiff when he was hurt; his shoulder was dislocated; the head of the humerus was out, and his arm bruised externally. Gave him chloroform, and reduced the luxation of the shoulder joint; applied cold-water dressings. Was not called in but once after, though I saw him several times. He now has paralysis of the extensor muscles of the hand. I think the nerve was damaged, and this injury to the muscles, which prevents the flexing of his arm, is permanent."

The facts attempted to be proven by Hayes were material in the case, and the action of the court in permitting the statements of this witness to go to the jury, without the solemnity of an oath, or affirmation, was manifest error. "Before testifying, the witness shall be sworn to testify the truth, the whole truth, and nothing but the truth. The mode of administering an oath shall be such as is most binding on the conscience of the witness." (Gen. Stat. 1868, p. 695, sec. 339.) "Any person having conscientious scruples against taking an oath, may affirm with like effect." (*Id.* 598, sec. 3.) Section 4, Gen. Stat. 1868, p. 598, provides, that, "All oaths shall commence and conclude as follows: 'You do solemnly swear,' etc., 'so help you God.' Affirmations shall commence and conclude as follows: 'You do solemnly, sincerely, and truly declare and affirm,' etc, 'and

this you do under the pains and penalties of perjury.'" This, section is supplemented with the provision, that all oaths and affirmations alike subject the party who shall falsify them to the pains and penalties of perjury.

The witness was permitted to make his statements to the jury on his declaration to tell the truth, without either an oath or an affirmation being administered. The statute was thus disregarded. The conscience and religious convictions of the party were placed by the court above the law, and superior to the mandatory clauses of our statutes. Such procedure cannot be tolerated. If the witness was unwilling, on account of conscientious scruples, to solemnly invoke the vengeance of the deity upon himself, if he did not declare the whole truth, as far as he knew it, then he had the right to testify under the form of a solemn affirmation. He could go no further, and do no less; and the court, in the fullness of its authority in the premises, should have compelled the recusant witness to act in obedience to the requirements of the statute. Its refusal to do so was error.

The judgment must therefore be reversed, and the cause remanded for a new trial.

All the Justices concurring.