# HARRY A. FITZJARRELL

## *vs.*

# J. COOKMAN BOYD.

*Automobiles: injury to guests; liability of owner.   Suits at law:
collision; suits affecting persons not parties; damage
suits, when plaintiff protected by acci-
dent insurance policy.*

One who voluntarily accepts an invitation as a guest in an
automobile does not thereby relinquish his right to protection
from personal injury caused by the carelessness of the owner.
p. 504

The owner of an automobile is liable for any injuries that
accrue, through his negligence, to one whom he takes out as a
guest to ride with him.                                          p. 504

The mere fact that the result of litigation will necessarily
affect the interest of a third person, who is not a party to the
suit, does not make such a suit collusive or fictitious.       p. 503

If the real and primary object of a suit is to redress the
grievance of the plaintiff, and there is an actual controversy
involving real and substantial rights between the parties to the
record, the suit should not be dismissed merely because third
parties are interested in it.                                   p. 503

Where a defendant is primarily liable for the negligence that
caused to the plaintiff the injury complained of, the fact that a
casualty company is ultimately liable to the defendant, for the
claim of the plaintiff, is no reason for dismissing a suit brought
by the plaintiff against the defendant, on the ground that the
injury complained of is covered by the policy of the casualty
insurance company.                                             p. 503

*Decided June 25th, 1914.*

Appeal from the Superior Court of Baltimore City.
(HEUISLER, J.)

The facts are stated in the opinion of the Court.

The plaintiff offered no prayers and the following are the defendant's prayers:

*Defendant's First Prayer*—The defendant prays the Court to rule as a matter of law that there is no evidence in this case legally sufficient to entitle the plaintiff to recover, and that the verdict of the Court shall, therefore, be for the defendant. (*Refused.*)

*Defendant's Second Prayer*—The defendant prays the Court to rule as a matter of law that it appears from the uncontradicted evidence in this case that the plaintiff does not intend to enforce the collection of any judgment against defendant, and it further appearing that it is not the object or purpose of this suit to have adjudicated by this Court any rights as between the plaintiff and the defendant, and it being undisputed that the object and purpose of this suit is solely and entirely to determine and fix the liability on a corporation, which is not a party to this proceeding, that, therefore, this Court has no jurisdiction over the subject-matter, and the verdict of the Court shall be for the defendant. (*Refused.*)

*Defendant's Third Prayer*—The defendant prays the Court to rule as a matter of law that even if the Court shall find from the evidence that the plaintiff was invited by the defendant to ride in the defendant's automobile, still the mere happening of the accident raises no presumption of negligence on the part of the defendant, and unless the Court shall further find that the defendant's automobile was proceeding at a negligent rate of speed, and shall also find that the plaintiff requested the defendant to reduce the speed of the automobile, and further find that the defendant refused or neglected so to do, and further find that by the exercise of ordinary care the defendant could have done so in time to have avoided the accident, and also find that the injury to the plaintiff occurred by the skidding of the automobile, and shall further find that said skidding was the proximate re-

sult of the negligent rate of speed at which the automobile was proceeding as alleged in the declaration, then the verdict of the Court shall be for the defendant upon the issues joined. (*Granted.*)

*Defendant's Fourth Prayer*—The defendant prays the Court to rule as a matter of law that even if the Court shall find from the evidence that the defendant was negligent, as alleged in the pleadings, still the verdict shall be for the defendant if the Court shall further find that the plaintiff contributed to his own injury by acquiescing in the speed at which the car was run by his continued presence in the car after his demand to reduce the speed had been ignored, provided the Court shall further find that the plaintiff by the exercise of reasonable and ordinary care could have had the car stopped between the brow of the hill and the scene of the accident, as mentioned in the evidence, in time for him to alight therefrom before the accident occurred. (*Granted.*)

*Defendant's Fifth Prayer*—The defendant prays the Court to rule as a matter of law that if the Court shall find from the evidence that in the exercise of reasonable and ordinary care plaintiff should have had the automobile stopped at such a point, after passing the brow of the hill, that he could have alighted therefrom before the accident occurred, and could have done so, then that by failing to so alight he contributed to his own injury, and the verdict of the Court shall be for the defendant. (*Refused.*)

*Defendant's Sixth Prayer*—The defendant prays the Court to rule as a matter of law that if the Court shall believe from the evidence that the plaintiff did not make reasonable efforts to have the speed of the car diminished before passing the vehicle shortly before the accident occurred, then the plaintiff contributed to his own injury by acquiescing in the speed of the car, and the verdict of the Court shall be for the defendant. (*Refused.*)

*Defendant's Seventh Prayer*—The defendant prays the Court to rule as a matter of law that if it shall believe from the evidence that the plaintiff has brought this suit against

the defendant with the purpose and object of attempting to fix the liability of some corporation not a party to this suit, and if the Court shall find that there is no controversy between this plaintiff and this defendant with regard to the sum sued for, and that the plaintiff has no intention of making the defendant pay any verdict which may be rendered against him, then the subject-matter of this suit is beyond the jurisdiction of this Court, and the verdict of the Court shall be for the defendant. (*Refused.*)

*Defendant's Eighth Prayer*—The defendant prays the Court to rule as a matter of law that it appears from the uncontradicted evidence in this case that the plaintiff was traveling as an invited guest in the private automobile of the defendant, and that unless the Court shall believe from the evidence that the plaintiff was injured by reason of the gross or wilful negligence of the defendant, the verdict of the Court shall be for the defendant. (*Refused.*)

The cause was submitted to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Walter L. Clark,* submitted a brief for the appellant.

*Peter J. Campbell,* submitted a brief for the appellee.

Upon leave of Court being granted *Walter L. Clark* submitted also a brief on behalf of the Maryland Casualty Company.

BRISCOE, J., delivered the opinion of the Court.

This is an action brought by the appellee against the appellant to recover damages for injuries sustained while riding in the defendant's automobile, as his guest, caused by the alleged negligence of the defendant.

Th case was tried in the Superior Court of Baltimore City, before the Court, sitting as a jury, and from a judgment in favor of the plaintiff for $1,750, the defendant has appealed.

The declaration contains but one count and it is as follows: That the defendant on or about the 16th day of October, 1912, was the owner of and operated an automobile in the City of Baltimore and in Howard County, Maryland. That this plaintiff, at the invitation of the defendant, entered the automobile for the purpose and with the intention of being carried therein to Laurel, Maryland. That while riding in the automobile and while exercising due care and caution on his part, the same was caused to skid and strike against a telegraph pole and overturn, and this plaintiff was thereby thrown from the automobile, his left arm was broken between the shoulder and elbow, his left ankle was sprained, his head was severely cut, his left forearm was badly bruised, he received severe bruises and contusions all over his body, he was severely injured in the left groin, he suffered from general shock to his system, and was further caused to suffer great physical pain and mental anguish. As a result thereof he was put to great cost for medical services, surgeon fees and hospital charges; he was prevented for a long space of time from attending to his usual avocation, as an attorney at law, and thereby sustained great monetary loss, and other great, serious and permanent wrongs and injuries were by him thereby sustained. That the said automobile was caused to skid, strike said telegraph pole and overturn by reason of the recklessness, want of care, default and negligence of the defendant, his servant and employee, in attempting to pass a vehicle upon the road on which they were traveling at a high rate of speed and against the protest of this plaintiff made to said defendant immediately before the happening thereof and in time to have avoided the same.

The record contains a single exception and that is to the ruling of the Court upon the defendant's prayers.

The plaintiff offered no prayers but the defendant presented eight. Two of these were granted and six were refused.

The exception to the fifth and sixth prayer is waived by the defendant in his brief, so the questions for our consideration are presented by the rulings of the Court upon the defendant's first, second, seventh and eighth prayers.

The defendant relies upon two grounds as a basis of defense: First, that the Court has no jurisdiction, because the proceeding is amicable and pretended and only for the purpose of affecting the rights of strangers not parties to the suit, and second because there is no evidence of actionable negligence on the part of the defendant.

The objections to the jurisdiction were raised by a motion to dismiss and by the defendant's second and seventh prayers, offered at the conclusion of the whole evidence. The motion was overruled, and the two prayers were refused. As these prayers will be set out by the Reporter, in his report of the case, and will be hereafter discussed by us, they need not be set out here, *in extenso*.

It appears, that prior to the alleged accident, the Maryland Casualty Company, had issued to the defendant, a policy of automobile insurance, indemnifying him from and against loss on account of suits for personal injuries similar in character to the present suit, according to the conditions and provisions of the policy.

The policy contains among others, the following provisions:

> "In consideration of one hundred and seventy-six dollars ($176.00), the Maryland Casualty Company, of Baltimore, herein called the Company, agrees to indemnify Harry A. Fitzjarrel, of Baltimore, State of Maryland, herein called the Assured, against loss from liability imposed by law upon the Assured for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered, or alleged to have been suffered, by any person or persons and caused by the automobile vehicles owned or operated by the Assured. * * *

"No action shall lie against the Company to recover for any loss under this policy unless it shall be brought by the Assured personally for loss actually sustained and paid in money by the Assured in satisfaction of a final judgment after trial of the issue; nor unless such action is brought within (90) days after such judgment by a court of last resort against the Assured has been so paid and satisfied."

While it may be conceded in this case that the result of the litigation will necessarily affect the interest of a third party, the Casualty Company, who is not a party of record it does not follow because this is so, that the suit is collusive and fictitious, as alleged.

If the real and primary object of the suit is to redress the grievance of the plaintiff and there is an actual controversy, involving real and substantial rights between the parties to the record, the suit would not be dismissed.

It is only when the sole object of the suit is to affect third parties and when the interest of the parties to the suit is not adverse and when there is no real and substantial controversy between those who appear as adverse parties, that the principles invoked by the appellant here apply.

This case is clearly distinguishable in its facts, from those cited and relied upon, in the appellant's brief. 2 *Ency. of Pr. and Pl.* 342 and cases there cited.

If the defendant is primarily liable for the negligence that caused the injury, then, it seems clear, that the plaintiff would have a right of action for such negligence against the defendant, notwithstanding the fact that the Casualty Company would be ultimately liable. *Eyler* v. *Co. Commrs.*, 49 Md. 257; *Ches. & Ohio Canal Co.* v. *Allegany Co.*, 57 Md. 201; *Balto. & Ohio R. R. Co.* v. *Howard Co.*, 111 Md. 180.

Such being our view of the law, the motion to dismiss this suit was properly overruled, and there was no error in refusing the second and seventh prayers.

The second proposition, as to what duty the owner of an automobile owes to his guest who accepts an invitation to ride with him, is raised by the defendant's eighth prayer. The prayer is as follows:

"The defendant prays the Court to rule as a matter of law that it appears from the uncontradicted evidence in this case that the plaintiff was traveling as an invited guest in the private automobile of the defendant, and that unless the Court shall believe from the evidence that the plaintiff was injured by reason of the gross or wilful negligence of the defendant, the verdict of the Court shall be for the defendant."

While the reported cases upon the legal status of a guest, who voluntarily accepts an invitation to ride with the owner of an automobile are somewhat limited, the rule adopted by the later decisions as to the degree of care required is against the appellant's contention in this case.

Mr. Huddy, in his work on *Automobiles,* sec. 113, says: "Although he pays nothing for riding, he is, nevertheless, in the care and custody of the owner or driver of the machine and is entitled to a reasonable degree of care for his safety. If the driver has negligently run into some obstacle on the highway and thereby injured the guest, undoubtedly the owner and the driver would be liable to civil suit for damages. One who voluntarily accepts an invitation to ride as a guest in an automobile does not relinquish his right of protection from personal injury caused by carelessness, and it should be understood by owners of motor vehicles that they assume quite a serious responsibility when they invite others to ride with them, especially persons who by reason of weaknesses are subject to injury from slight causes."

In *Palmode* v. *Foote,* 153 Appellate Division Reports New York, 494, the Supreme Court of that State, held, as stated in the syllabus of the case, where in an action to recover for personal injuries to the plaintiff resulting from defendant's negligence it appears that the defendant invited the plain-

tiff, who was a witness in an action to which he was a party, to ride with him to the place of trial in an open buggy drawn by one horse driven by himself; that, against the plaintiff's protest, the defendant drove at a reckless speed, and that a collision with another wagon which threw the plaintiff violently to the ground was the result of defendant's careless driving, a judgment for the plaintiff should be affirmed. The plaintiff was a licensee, and it was the duty of the defendant to use ordinary care not to increase the danger of riding with him or to create any new danger.

In *Beard* v. *Klusmeier,* 164 Southwestern Reporter, 319, decided by the Court of Appeals of Kentucky, on March 20, 1914, where the facts are very similar to those in this case, the Court held, that it was the defendant's duty, upon inviting plaintiff to ride as a guest in defendant's automobile to use ordinary care not to increase plaintiff's danger or to create any new danger such as by fast and reckless driving, so that defendant would be liable for injuries to plaintiff resulting from driving the automobile recklessly.

The reasoning in *Foote's case, supra,* was adopted and followed in the Kentucky decision.

The cases of *Pigeon* v. *Lane,* 80 Conn. 237; *Birch* v. *City of New York,* 190 N. Y. 397; *Mayberry* v. *Sivey,* 18 Kan. 291, and *Lochhead* v. *Jensen* (Utah), 129 Pac. 347, are also in point and to the same effect.

The rule announced in these cases, we think, is the true and correct rule, and is controlling on this appeal.

The rule of gross or wilful negligence sought to be applied by the defendant's eighth prayer was not the correct rule applicable to the case, and this prayer was properly refused.

The defendant's first prayer was a demurrer to the evidence and as the evidence was legally sufficient to show actionable negligence, it was properly rejected.

Finding no error, in the rulings of the Court, the judgment will be affirmed.

*Judgment affirmed, with costs.*