# PETER MARINOS v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.[1]

May 29, 1919.

No. 21,263.

**Master and servant — scope of roadmaster's employment — question for jury.**

1. The plaintiff was a day laborer on the defendant's road at a point 20 miles west of Watertown, South Dakota. He laid off for a day and went to Watertown on business of his own. There was no train back until the next day. The defendant's roadmaster, who had charge of the work, was about going west with his gasolene car and it was arranged that the plaintiff should go with him, and on the way the car was derailed and the plaintiff was injured. Under these circumstances and others narrated in the opinion, it is *held* that it was at least a question for the jury whether the defendant in taking the plaintiff to the place of work was acting within the scope of his employment and in furtherance of the defendant's business.

**Same — master's duty to use ordinary care.**

2. If the roadmaster acted within the course and scope of his employment in carrying the plaintiff, the latter, while not a passenger to whom was due the care owing to one occupying such a relation, was a licensee to whom the defendant owed the duty of ordinary care in view of the means of transportation employed and the circumstances of the carriage.

**Same — evidence of negligence.**

3. The evidence was sufficient to justify a finding that the roadmaster was negligent.

Action in the district court for Hennepin county to recover $20,000 for injuries received when thrown from a gasolene hand-car. The amended answer alleged that plaintiff's injuries were caused by his own negligence or that of his co-employees. The case was tried before Leary, J., who at the close of the testimony denied plaintiff's motion to dismiss the action and granted defendant's motion for a directed verdict. From

[1]Reported in 172 N. W. 706.

an order denying his motion for a new trial, plaintiff appealed. Reversed.

*John G. Priebe, George T. Simpson* and *John F. Dahl,* for appellant.
*Richard L. Kennedy,* for respondent.

DIBELL, J.

Action for personal injuries. The court directed a verdict for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

1. The plaintiff was working on the defendant's road near Henry, some 20 miles west of Watertown, South Dakota, resurfacing the track. The railroad supplied the usual bunk cars, which were put on a siding conveniently near to the work, and the men lived there and boarded themselves. The plaintiff worked on the basis of $2.25 for ten hours. His contract was for no fixed period. He was a day laborer. He worked on September 17, 1917. At night he and his partner went to Watertown on the train. His purpose was to send money to his wife in Greece. This he did in the forenoon of the eighteenth. On that day he was not in the employ of the defendant. He found that there was no train going west before the next morning. Along in the afternoon he and his partner came across the defendant's roadmaster. There was some talk about his taking them back in his gasolene car, in which he was soon to go. The roadmaster recognized them as workmen on the construction work near Henry. He agreed that they might go with him. While he claims that there was no great scarcity of men, the evidence is such as to justify the inference that he was glad to have them on the work. It is likely that if they had been strangers he would not have carried them to Henry, and it is not likely that he would have concerned himself with their getting there, unless he had been the roadmaster. Unless by taking them he advanced the road work there was no special reason why he should let them ride with him or why they should ask him for a ride. He was in general charge of all the work, hired and discharged men, and the jury could fairly say that he had in mind the furtherance of the business of the defendant in getting the men back to their location. That would be the natural interest of a faithful and energetic roadmaster and we gather from the evidence that this one was such. He had

no personal interest to serve. His purpose was to bring results for his road and that is what the road wanted. Under the circumstances narrated it was at least a question for the jury whether the roadmaster was engaged within the scope of his employment in the furtherance of the business of the defendant in taking the men back.

We have not been cited a case directly in point on the facts. The general principle which makes the master liable under the doctrine of reaspondeat superior for the acts of a servant done within the course and scope of his employment with a view to the furtherance of the business in which he is employed is well enough settled. Dunnell, Minn. Dig. and 1916 Supp. § 5833; Barrett v. Minneapolis, St. P. & S. S. M. Ry. Co. 106 Minn. 51, 117 N. W. 1047, 18 L.R.A.(N.S.) 416, 130 Am. St. 585; Penas v. Chicago, M. & St. P. Ry. Co. 112 Minn. 203, 127 N. W. 926, 30 L.R.A.(N.S.) 627, 140 Am. St. 470; McLaughlin v. Cloquet Tie & Post Co. 119 Minn. 454, 138 N. W. 434, 49 L.R.A.(N.S.) 544; Sina v. Carlson, 120 Minn. 283, 139 N. W. 601. The verdict was directed upon the ground that the roadmaster was not engaged in the scope of his employment. This direction we hold error.

2. Assuming that the roadmaster was within the course and scope of his employment in carrying the plaintiff, we find no difficulty in holding that the defendant owed him the duty of exercising ordinary care, giving proper consideration to the particular means of transportation then being used and the circumstances of the carriage. It is not claimed that the plaintiff was entitled to the degree of care due a passenger. The defendant was not a common carrier of passengers by its gasolene car and the plaintiff was not a passenger. The plaintiff was getting the kind of ride offered him.

In L. R. Martin Timber Co. v. Great Northern Ry. Co. 123 Minn. 423, 144 N. W. 145, Ann. Cas. 1915A, 496, where the question arose upon the use of a railroad right of way for storage purposes by one not then in contract relations with the railroad but who intended using the road in shipping out the property stored, it was observed that all licensees cannot be placed in one class, and that a distinction is properly drawn between a license for the benefit of both parties to it and a license for the benefit of the licensee alone.

The plaintiff was not a trespasser. He was where he was with the

acquiescence of the defendant and for a purpose in which it was interested. It is not important whether he be designated a licensee by invitation or an invitee. There is no real hardship in imposing the duty of care upon the defendant. One not a wrongdoer or trespasser on a train not a passenger train by permission of the conductor, though not a passenger, may recover for the carrier's negligence. Gradin v. St. Paul & D. Ry. Co. 30 Minn. 217, 14 N. W. 881. And see Southern Ry. Co. v. Decker, 5 Ga. App. 21, 62 S. E. 678; Albion Lumber Co. v. De Nobra, 72 Fed. 739, 19 C. C. A. 168; Harvey v. Deep River Logging Co. 49 Ore. 583, 90 Pac. 501, 12 L.R.A.(N.S.) 131; Lawrence v. Kaul Lumber Co. 171 Ala. 300, 55 South. 111; note 12 L.R.A.(N.S.) 131. The duty is not imposed under nearly so harsh circumstances as when the owner of an auto is held liable for an injury to a guest riding in it caused by the negligence of the driver. Johnson v. Evans, 141 Minn. 356, 170 N. W. 220. And see Lochhead v. Jensen, 42 Utah, 99, 129 Pac. 347; Fitzjarrell v. Boyd, 123 Md. 497, 91 Atl. 547; Beard v. Klusmeier, 158 Ky. 153, 164 S. W. 319, 50 L.R.A.(N.S.) 1100, Ann. Cas. 1915D, 342; Perkins v. Galloway, 194 Ala. 265, 69 South. 875, L.R.A. 1916E, 1190. Nor is the liability so severe as when an owner of a horse-drawn vehicle is held liable for an injury to his guest coming through the driver's negligence. Mayberry v. Sivey, 18 Kan. 291; Patnode v. Foote, 153 App. Div. 494, 138 N. Y. Supp. 221. Here, while the carrying was gratuitous, the carrier had an interest. Counsel do not cite a case directly in point, but the principles underlying the cases cited illustrate the basis of liability. Assuming that the roadmaster was within the scope of his employment, the defendant owed the plaintiff the duty of care before stated.

3. The claim of negligence is that the roadmaster improperly operated the car at too great a speed. The plaintiff, though his judgment may not be good, puts this as the cause. The rails were wet and there is testimony that the car was going very fast. There is testimony that with wet rails the small wheels on the left side of the car have a tendency to "crowd" the rail. In any event there was a derailment some miles out of Watertown and the plaintiff sustained an injury. The evidence

was such that the jury could find that there was negligence in the operation of the car.

Order reversed.