# North Alabama Traction Co. v. Thomas.

### *Action for Personal Injury.*

(Decided Dec. 16, 1909.—51 South. 418.)

1. *Bill of Exceptions; Alteration.*—When the bill of exceptions as signed contained plaintiff's testimony, showing that he was seventeen years old, and that A. J. Thomas who sued as his next friend was his father and the caption of the bill was, "'Henry Thomas by _____ Thomas, his next friend," the fact that the initials, "A. J." were inserted after the bill of exceptions was signed by the judge did not show a material alteration.

2. *Negligence; Imputed Negligence.*—Where one is riding in the buggy of another at the invitation of the owner, who has entire charge of the horse and buggy, the driver's negligence cannot be imputed to the person there by invitation, in the absence of a showing that such injured person had control of the driver.

3. *Appeal and Error; Harmless Error; Verdict.*—The failure to limit plaintiff's recovery to the amount claimed in the complaint is cured by a verdict for a lesser amount than that claimed.

4. *Street Railways; Injury to Travelers; Wilfulness.*—The evidence in this case stated and examined and held to require the question of the wanton misconduct of defendant's motorman as the proximate cause of the injury complained of to be submitted to the jury.

5. *Same; Frightening Animals.*—Where the motorman of defend-
ant admitted seeing the horse and buggy in which plaintiff was
riding but denied that the horse showed any sign of fright or that
he was running away because of the continuous sounding of the
gong as the car approached, it was for the jury to determine wheth-
er the conditions were such as to indicate that the horse was fright-
ened and unmanageable when the motorman saw him.

6. *Same; Operation; Sounding Gong.*—It is the duty of a motor-
man of a street car on discovering that a horse being driven along
the street in front of the car was becoming unmanageable on ac-
count of fright, to cease sounding the gong and if need be, and
practicable, to stop the car; in other words, to use all precautions
to allay the fright of the horse.

7. *Charge of Court; Covered by Instructions Given.*—It is not er-
ror to refuse charges covered by written charges already given.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by Henry Thomas, pro ami, against the North
Alabama Traction Company, for damages received in a
runway accident alleged to have been occasioned by the
negligent running of defendant's cars. Judgment for
plaintiff, and defendant appeals. Affirmed.

Motion was made to strike the bill of exceptions, be-
cause of the initials "A. J.," before the word "Thomas,"
which last appeared in the styling of the plaintiff, and
which constitutes the initials of the plaintiff's next
friend. The facts seem to be that plaintiff was riding
along the streets in a buggy drawn by a horse owned by
one Kenyon Glenn, and that one of defendant's cars ap-
proached the buggy from the rear, and the horse became
frightened at the approach of the car and the sounding
of the gong thereon, and that, observing this condition,
the gong was continued to be sounded and the car pro-
pelled towards the horse, causing the horse to become
unmanageable and to run away, producing the injuries
complained of.

The following charges were given at the plaintiff's
request: (2) "I charge you that the negligence of the
driver, Kenyon Glenn, if you find he was negligent, can-

[North Alabama Traction Co. v. Thomas.]

not be imputed to the plaintiff, Henry Thomas, and cannot bar his recovery in this case, if you find said plaintiff was not guilty of negligence." (8) "If you find from the evidence that plaintiff is entitled to recover in this case, you may award him such damages as will be a fair equivalent in money for the mental and physical pain that plaintiff suffered, or that is reasonably certain he may have endured, if any, and a fair equivalent for the permanent impairment of his ability to perform the ordinary duties of life as a natural result of the injuries complained of." Charge Y, referred to, is as follows: "If you believe from the evidence that the proximate cause of the injury to plaintiff was the negligence of Kenyon Glenn, then your verdict should be for the defendant."

JOHN C. EYSTER, and TENNIS TIDWELL, for appellant. —The count was sufficient to charge wantonness and did charge wantonness.—*Foshee's Case,* 125 Ala. 199; *Orr's Case,* 121 Ala. 499; *Partridge's Case,* 34 South. 937. The evidence did not establish the averments of the complaint nor show any wantonness on the part of the employes of the defendant in charge of the car.—*Foshee's Case, supra; Martin's Case, supra; Partridge's Case, supra; Orr's Case, supra; Lee's Case,* 92 Ala. 862; *R. R. Co. v. Sampson,* 91 Ala. 560; *R. R. Co. v. Crocker,* 95 Ala. 412; *R. R. Co. v. Markee,* 103 Ala. 160. The presumption is that the driver was unable to control the horse.—63 Ill. 181; Clark's Acci. Law, 335. The court erred in giving charge 2 at plaintiff's request.— *R. R. Co. v. Baker,* 132 Ala. 517; *Elyton v. Mingea,* 89 Ala. 521. The court erred in giving charge 8.—*Alley v. Daniel,* 75 Ala. 403.

WERT & LYNN, for appellee.—The bill of exceptions contained a material alteration and should be stricken.

If not stricken for this reason it should be stricken because not presented and filed as required by section 3019, Code 1907.—38 Ala. 251; 36 L. R. A. 798, and authorities there cited. The court properly refused charge 4 requested by appellant.—*L. & N. v. Lile,* 40 South. 702. The jury had a right to find under the evidence that the horse was frightened.—Supplement to Thomp. on Neg., sec. 1418; *Bir. R. & E. Co. v. Baker,* 132 Ala. 507; *A. G. S. v. Burgess,* 119 Ala. 556; *L. & N. v. Brown,* 121 Ala. 221. On these authorities it was within the province of the jury to find that the motorman was guilty of wanton negligence. The verdict of the jury cured any error in giving charge 8. The propositions of law contained in the other charges were not sound.—90 N. W. 817; 37 N. E. 952; Thom. on Neg. subd. 1382-4.

ANDERSON, J.—Whether the initials were or were not inserted before the name of "Thomas," the next friend, in the caption of the bill of exceptions, after it was signed by the presiding judge, there was no material alteration of same. The bill of exceptions recited when signed: "I am 17 years of age. A. J. Thomas, my next friend in this suit, is my father." (Plaintiff's testimony in transcript, page 20.) The motion to strike the bill of exceptions is overruled.

Counsel for appellant insists that the fourth count of the complaint charges the defendant's servants with wanton or willful misconduct, and that therefore the court erred in refusing the general charge as to said count. We concede the correctness of the contention that the fourth count does charge wanton or willful misconduct, but do not agree that there was no proof in support of the charge, and think that the trial court properly submitted the question to the jury.

The plaintiff's evidence showed that the horse was frightened and exhibited many signs that he was trying to run away, and the jury could well infer that the defendant's servant in charge of the car, when sounding the gong and causing the car to proceed, was conscious of the plaintiff's peril, and that his acts and conduct were calculated to increase the same. Holmes, the motorman, admitted seeing the horse and buggy, but denied that the horse was showing signs of fright, or that he was running away. It was for the jury, however, to determine whether or not the conditions were such as to indicate that the horse was frightened and unmanageable when Holmes saw him.

Counsel for appellant concedes that charge 2 given for the plaintiff, asserts the law, but insists that the giving of the same was error, because it assumed that plaintiff had no control over the driver. The undisputed evidence showed that the plaintiff was merely riding in the buggy, upon the invitation of Glenn, the proprietor, and who had entire control of the horse and buggy, and that plaintiff had no control over the said Glenn.

. We need not determine whether or not there was error in giving charge 8, as the defect argued by counsel was cured by the verdict, which was for a sum greatly less than the amount claimed in the complaint. This charge, unlike the one in the case of *Alley v. Daniel,* 75 Ala. 403, set out the elements of damages, and, while it did not confine the damages to the amount claimed, the verdict cured this omission; it being for less than the sum claimed in the complaint.

The other insistences of error are very general, as counsel merely argues the subject and refers to charges covered by the proposition, leaving us to separate and designate such charges as to which the argument may be applicable. We will say, however, that the charges

invoking the principle argued were properly refused. Whether it was the duty of the motorman to sound the gong at crossings, and whether it is or is not negligence when horses are frightened by said sounding, we need not decide as to cases where there was no knowledge of peril. The facts in this case afford an inference that the plaintiff was in peril and that this fact was known to the motorman. If such was the case, it was not only the duty of the motorman to cease sounding the gong, but to stop the car, if practicable, and use all precautions to allay the fright of the animal.

The trial court did not commit reversible error in refusing certain charges, requested by the defendant, exonerating it from liability on account of the negligence of Glenn, as these charges were, in effect, duplicated by given charges. See charge Y given for the defendant. The judgment of the law and equity court is affirmed.

Affirmed.

McClellan, Mayfield, and Sayre, JJ., concur.

