[Louisville & Nashville R. R. Co. v. Calvert.]

# Louisville & Nashville R. R. Co.
# Calvert.

### *Railway Crossing Accident.*

(Decided June 14, 1910.   Rehearing denied Jan. 12, 1911.
54 South. 184.)

1. *Railroads; Crossing Accident; Complaint.*—In an action for injuries received at a railroad crossing, a complaint which alleges that the plaintiff was lawfully crossing the railroad at a public crossing and was in a place of danger upon or near said track sufficiently shows that defendant was under duty to keep a lookout for her at the time and place of collision, and exercise care for her safety, and it is not demurrable for failure to allege facts showing that the place at or upon said tracks where plaintiff was was dangerous.

2. *Same; Apparent.*—An allegation in a complaint that plaintiff's peril was apparent to the servant's or agents of the defendant is not equivalent to an allegation that said servants knew of the peril of the plaintiff; the word, apparent, is defined as "exposed to sense of sight, open to view, etc."

3. *Same; Contributory Negligence.*—Where the plaintiff was in a vehicle driven by her father who had the sole control and management of the vehicle, the fact that her father's hearing was not perfect did not make her responsible for not checking the horse, thus avoiding the injury.

4. *Pleading; Conclusion; Contributory Negligence.*—Where the action was for injury at a railroad crossing, a plea of contributory negligence alleging that plaintiff was guilty of negligence proximately contributing to her injury in that plaintiff when at or near the crossing saw the train approaching, and measuring the time and distance, it would take to cross the track, and acting thereon negligently attempted to cross in front of said train and was injured, was defective in not sufficiently setting out the facts, alleging merely the conclusion as to plaintiff's contributory negligence.

5. *Negligence; Charge of Court; Wilful; Wanton or Intentional.*—A charge to the jury purporting to define, wilful, wanton or intentional negligence must contain the constituents properly applied to each of the alternatives, and if the charge fails to show the distinction between wanton negligence and wilful or intentional wrong. it is error.

6. *Same; Instructions.*—Where there was evidence that both the plaintiff and her father could have seen the train if they had looked, but no evidence that she heard anything, and no allegation that she was guilty of contributory negligence in failing to inform her father (who was driving) of the approaching train, it was not error to instruct the jury that the negligence of the father was not imputable to the plaintiff, unless the father was acting as her agent or he and she

were at the time engaged in a joint enterprise, or plaintiff was at the time in a position to exercise authority or control over her father.

APPEAL from Blount Circuit Court.

Heard before Hon. JOHN W. INZER.

Action by Alba Calvert against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Count 2 is as follows: "Plaintiff claims of defendant $30,000 as damages, to wit: That heretofore, on to wit, the 8th day of September, 1908, the defendant was engaged in the following business in the state of Alabama, namely, the operation of a railroad and running thereon its engines, trains, and cars for the transportation of freight and passengers for hire. That on, to wit, the 8th day of September, 1908, the plaintiff was lawfully crossing said railroad at the following place, namely, a public road crossing at or near Reed's Gap, in Blount county, Alabama, and was in a place of danger upon or near said tracks; and the defendant's agents or servants, were engaged in running or operating the engine of defendant, to which was attached a train of cars, over and along said railroad, and over and upon said crossing. And plaintiff avers that her danger upon or near said railroad track was apparent to the servants or agents of defendant in charge or control of said engine or train; but notwithstanding the said apparent danger, the servants or agents of defendant in charge or control of said engine or train negligently permitted the same to run upon or against the plaintiff at said public road crossing, as a proximate consequence of which she suffered the wounds and injuries set out in the first count of this complaint. And plaintiff avers that her said wounds and injuries were the proximate consequence of and caused by reason of

the negligence of the defendant, its servants or agents, as aforesaid."

Plea 3 is as follows: "For further plea, in answer to complaint, defendant says that plaintiff herself was guilty of negligence which proximately contributed to her own injury in this: That plaintiff, when at or near said crossing, saw said train approaching, and measured the time and distance it would take to cross said track, and, acting thereon, negligently attempted to cross in front of said train, and was injured."

The oral charge of the court, referred to, is as follows: "Willful, wanton, or intentional negligence is where one consciously fails, that is charged with a duty, to exercise due care and diligence to prevent possible injury to the person of another, on the discovery of the peril of another, or under such circumstances where he is chargeable with knowledge of such peril, and being conscious of the inevitable and probable results of such failure, and that injury will probably result to such other persons thereby."

The following charge was given for the plaintiff: "(1) Gentlemen of the jury, the court charges you that contributory negligence is defensive matter. The defendant in this case will file special pleas setting up this defense to the first count of the complaint, which charges simple negligence in general terms. The burden of proof is on the defendant to establish its special pleas to your reasonable satisfaction by the evidence in the case. The evidence tends to show that the plaintiff, a woman, on or about the time mentioned in the complaint, was approaching defendant's track for the purpose of crossing the same, at a public road crossing in said county, in a buggy drawn by a horse driven by plaintiff's father. The alleged negligence of plaintiff's father, if you find from the evidence that he was

negligent as the court has defined that term, is not imputable to the plaintiff in this case, unless you are reasonably satisfied from the evidence that the plaintiff's father was acting as her agent in driving said vehicle at the time, thereby making his acts, in view of the law, her own, or unless you are reasonably satisfied from the evidence that the plaintiff was at the time in a position to exercise authority or control over her father, the driver, or unless you are reasonably satisfied from the evidence that plaintiff and her father were at the time engaged in a joint enterprise, or in carrying out a common purpose, neither one having exclusive control over the vehicle in which they were riding."

There was judgment for the plaintiff in the sum of $7,500.

WARD & WEAVER, for appellant. The trial court erred in overruling defendant's second ground of demurrer assigned to the second count of plaintiff's complaint.—*Posey v. Hair,* 12 Ala. 567; *Johnson v. L. & N. R. R. Co.,* 16 So. Rep 76. The trial court erred in overruling defendant's third ground of demurrer to the second count of plaintiff's complaint.—*Georgia Pac. Ry. Co. v. Lee,* 9 So. Rep. 230; *L. & N. R. R. Co. v. Young,* 45 So. Rep. 238; *Anniston Electric & Gas Co. v. Rosen,* 48 So. Rep. 798; *Chase v. Mill Co.,* 111 Wis. 655. The trial court erred in sustaining plaintiff's demurrer to defendant's third plea. The refusal of the trial court to give the affirmative charge requested in writing by the defendant to the first count of the plaintiff's complaint was error.—*Peters v. Southern Ry. Co.,* 33 So. Rep. 332; *Brown's Case,* 25 So. Rep. 609. The trial court erred in refusing to give the affirmative charge as to the second count of plaintiff's complaint when requested to do so in writing.—Authorities su-

pra; *Patrick v. DeBardelaben,* 7 So. Rep. 756. The trial court erred in that part of its oral charge to the jury which attempts to define willful, wanton, or intentional negligence.—*Coleman v. Pepper,* 49 So. Rep. 310; *Georgia Pac. Ry. Co. v. Lee,* 9 So. Rep. 230; *Louisville & N. R. Co. v. Markee,* 15 So. Rep. 511; *Louisville & N. R. Co. v. Orr,* 26 So. Rep. 35; *M. & C. R. R. Co. v. Martin,* 23 So. Rep. 231. The trial court erred in refusing to give the affirmative charge as to the third count in plaintiff's complaint when requested in writing to do so.—Authorities supra; *B. R. & E. Co. v. Bowers,* 20 So. Rep. 345. The trial court erred in giving the written charge requested by plaintiff.—*Prideaux v. City of Mineral Point,* 28 Am. Rep. 558. The trial court erred in refusing to grant a new trial in this cause on the ground that the verdict of the jury was contrary to the evidence.—*B. R. & E. Co. v. Clay,* 19 So. Rep. 309; *Teague et al. v. Bass,* 31 So. Rep. 4; *B. R. L. & P. Co. v. Owens,* 33 So. Rep. 8. The trial court erred in sustaining the plaintiff's demurrer to defendandt's plea six.—Authorities supra; *Foshee's Case,* 27 So. Rep. 1006; *Cen. of Ga. Ry. Co. v. Barnett,* 44 So. Rep. 392.

GASTON & PETTUS, for appellee. A complaint is construed as a whole.—*Burns v. Reeves,* 127 Ala. 129. So construed, count 2 stated a good cause of action.—*Armstrong v. Montgomery St. Ry.,* 123 Ala. 233; *Postal T. Co. v. Jones,* 133 Ala. 217; *Foshee's Case,* 125 Ala. 217. The word "apparent" as used in that count means that they were actually visible to the servants of the defendant.—*People v. Herrick,* 59 Mich. 566; 1 Words & Phrases, p. 440. The 1st count was good and sufficiently broad to cover the negligence of the engineer for failure to use all means at his command to avert

the accident to plaintiff after discovering her peril.— C. of Ga. v. Foshee, 125 Ala. 200; A. G. S. v. McWhorter, 156 Ala. 281; L. & N. v. Brown, 121 Ala. 221. If this be true, any error in overruling demurrer to the 2nd count was without injury.—George v. M. & O., 109 Ala. 245; Reese v. Fuller, 132 Ala. 282; Bradley v. L. & N., 145 Ala. 545; L. & N. v. York, 128 Ala. 307. The court properly sustained demurrers to defendant's third plea.—Osborn v. Ala. S. & W. Co., 1735 Ala. 571; L. & N. v. Markee, 103 Ala. 160; So Ry. v. Shelton, 136 Ala. 191; Ala. Mid. v. Johnson, 123 Ala. 197. The 12th plea was in all respects substantially the same as the 3rd plea, and the defendant had the benefit of the same defense thereunder, and hence, no injury intervened.— L. & N. v. Morgan, 51 So. 827; Milligan v. Pollard, 112 Ala. 465. The court properly sustained demurrers to the 6th plea, as it was a mere collection of conclusions. —Foshee's Case, 125 Ala. 200. Under the authorities cited supra, the court properly declined the affirmative charge as to the 3rd count. This count should have gone to the jury as a count of subsequent negligence also.—So Ry. v. Shelton, supra; C. of G. v. Foshee, supra; L. & N. v. Young, 153 Ala. 236. The count for wanton negligence was also properly submitted to the jury.—B. R. & E. Co. v. Smith, 121 Ala. 355; C. of G. v. Partridge, 136 Ala. 595; M. & O. v. Martin, 117 Ala. 367; Peters v. So. Ry., 135 Ala. 537; Ryan's Case, 148 Ala. 69. The court's oral charge was correct.—Authorities supra. The definition as to "wantonness" was correct.—B. R. L. & P. Co. v. Williams, 158 Ala. 382; B. R. & E. Co v. Pinckard, 124 Aal. 372. Counsel discuss the rule as to misleading and as to abstract charges with citation of authority, also the rule as to the refusal of a new trial, with citation of authority.

[Louisville & Nashville R. R. Co. v. Calvert.]

SIMPSON, J.—This action is by the appellant for damages resulting from personal injury received by plaintiff's being struck by an engine of defendant's at a public road crossing.

The second count of the complaint was not subject to the cause of demurrer, "that it does not allege facts showing plaintiff's place at or upon said track to be dangerous." As will be seen by the count set out in the statement by the reporter, it alleges that plaintiff was lawfully crossing said railroad at a public road crossing, "and was in a place of danger upon or near said track." "This averment shows that defendant was under a duty to keep a lookout for her at the time and place of the collision, and to exercise care in conservation of her safety," and the general allegation is sufficient.—*Cen. of Georgia Railway Co. v. Foshee,* 125 Ala. 200, 217, 27 South. 1006; *Armstrong, Adm'r, v. Montgomery St. Ry.,* 123 Ala. 233, 244, 26 South. 349; *Postal Tel. Co. v. Jones,* 133 Ala. 217, 225, 32 South. 500. It is the opinion of the writer, in which Anderson and McClellan, JJ., concur, that said count, however, is subject to the third cause of demurrer set out. While subsequent negligence might be proved under a count alleging negligence in general terms, yet inasmuch as said count undertakes to state the particulars constituting subsequent negligence, they should be so stated as to constitute subsequent negligence.

The clause referred to cannot be considered as redundant, for it is the gist of the count, and to declare that the count is not subject to the demurrer, would, in effect, say to the jury that if that count is proven the defendant is guilty of subsequent negligence. The count attempts to set up subsequent negligence which is an additional cause of liability and not merely a question of the degree of wrong. Therefore the cases

on counts alleging willful and intentional conduct are not analogous. This court has decided that a similar count is demurrable.—*Anniston Elec. & Gas. Co. v. Rosen,* 159 Ala. 195, 48 South. 798, 803; *L. & N. R. R. Co. v. Young,* 153 Ala. 232, 45 South. 238-240, 16 L. R. A. (N. S.) 301.

The cases cited in regard to error in sustaining demurrers being errors without injury are not analogous. When the demurrer was overruled, it was equivalent to instructing the jury that if that count was proved the plaintiff was entitled to recover. Dowdell, C. J., and Mayfield, Sayre, and Evans, JJ., think that said count is sufficient as a count for simple initial negligence.

The words, "apparent to the servants or agents of defendant" are not the equivalent of alleging that said servants knew of the peril of the plaintiff. The Century Dictionary defines "apparent," as "exposed to sense of sight; open to view; visible to the eye; within the range of vision."

Under the decisions of this court, plea 3 does not sufficiently set out the facts constituting contributory negligence, but merely the conclusion of the pleader that the plaintiff's act was negligent.—5 Mayfield's Dig. p. 718, §§ 103, 104. Hence, there was no error in sustaining the demurrer to said third plea.

That part of the oral charge excepted to is erroneous. The charge purports to define, "willful, wanton, or intentional negligence." It is evident that, in order to be correct, the constituents therein set forth must be properly applied to each of the alternatives. That is, the facts therein postulated must constitute willful conduct, also wanton conduct and intentional conduct. The mere fact that the argument in the brief does not emphasize this particular defect does not bar this court from considering the error assigned.

[Louisville & Nashville R. R. Co. v. Calvert.]

There is a distinction between willful and intentional conduct and wanton conduct, and whether the charge describes wanton conduct or not (which we do not decide) it does not describe either of the others.—*Birmingham Ry. & Elec. Co. v. Bowers*, 110 Ala. 328, 331, 20 South. 345; *L. & N. R. R. Co. v. Anchors, Adm'r*, 114 Ala. 492, 499, 22 South. 279, 62 Am. St. Rep. 116; *Ala. Gt. So. R. R. Co. v. Burgess*, 116 Ala 509, 513, 515, 22 South. 913; *Ala. Gt. So. R. R. Co. v. Moorer*, 116 Ala. 642, 645, 22 South. 900; *Memphis & C. R. Co. v. Martin, Adm'r*, 117 Ala. 367, 382, 23 South. 231; *Birmingham Ry., Lt. & P. Co. v. Landrum*, 153 Ala. 194, 204, 205, 45 South. 198, 127 Am. St. Rep. 25; *Southern Ry. Co. v. Bunt*, 131 Ala. 591, 594, 595, 32 South. 507; *Birmingham Ry. & Elec. Co. v. Pinckard*, 124 Ala. 372, 374, 26 South. 880; *Birmingham Ry., Lt. & P. Co. v. Williams*, 158 Ala. 381, 390, 48 South 93.

There was no error in giving charge 1, at the request of the plaintiff. There was no evidence tending to show that the plaintiff was controlling the driving of the horse, or was in any way responsible for its movements. The fact that she testified that her father's hearing was not perfect did not place the responsibility on her to check the horse. While there was evidence tending to show that both she and her father would have seen the train if they had looked, yet the evidence did not show that she heard anything. Besides, there is no allegation that she was guilty of contributory negligence, in not informing her father, who was driving, of the approaching train.—*Birmingham Railway & Elec. Co. v. Baker*, 132 Ala. 507, 515, 516, 31 South. 618.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded. All the Justices concur in the result.