[Birmingham-Tuscaloosa Ry. & Utilities Co. v. Carpenter.]

Without deciding whether the complaint could have been successfully challenged by demurrer directed to an alternative averment of breach of duty to plaintiff by defendant and its superintendent, it is sufficient to say that no such ground of demurrer was taken. There was no error in overruling the demurrer to count 2 of the complaint. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.

# Birmingham-Tuscaloosa Railway and Utilities Company *v.* Carpenter.

*Crossing Accident.*

(Decided May 20, 1915.   Rehearing denied June 30, 1915.
69 South. 626.)

1. *Railroads; Collisions; Complaint; Sufficiency.*—A complaint which alleges that defendant operated a dummy line, and that the dummy line collided with an automobile in which plaintiff was riding, while the automobile was proceeding along the public highway at a grade crossing, and that the engineer wantonly and recklessly, or intentionally ran the train against the automobile while on the public highway in the act of crossing, is good as against the demurrer.

2. *Negligence; Imputed.*—Contributory negligence of one in charge or control of a train, car, or other vehicle is not imputable to a person who is a passenger therein, for reward or not, unless he has charge over the person operating it.

3. *Same; Contributory Negligence; Plea.*—Where the complaint alleged that plaintiff was riding as a passenger in an automobile with which defendant's train collided, and that the automobile was driven by a third person, special pleas of contributory negligence which failed to charge that plaintiff owned or controlled the automobile, or had authority over the person driving it, were demurrable.

4. *Constitutional Law; Equal Protection; Discrimination.*—The provisions of section 34, Acts 1911, p. 649, are repugnant to the State and Federal Constitutions because discriminative against persons riding in motor vehicles, and denying equal protection of the law to persons similarly situated.

5. *Same; Classification.*—The constitutional guarantee of equal protection does not forbid the legislature from making a reasonable classification based on some real and substantial distinction, bearing a reasonable and just relation to the things in respect of which the classification is imposed.

6. *Railroads; Crossing Accident; Contributory Negligence.*—Where the action was by a person who was injured while a passenger in an automobile in a collision with a dummy at a crossing, a plea alleging that plaintiff was contributorily negligent in the management and control of the automobile in which he was riding at the time of the collision, in that he allowed the automobile to stop on the track a short distance in front of the train, and within such a distance as that the engine could not be stopped before colliding with the automobile, but which does not deny that the driver of the automobile, a third person, was in control thereof, as is alleged in the complaint, is demurrable.

APPEAL from Tuscaloosa Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by Burlie S. Carpenter against the Birmingham-Tuscaloosa Railway & Utilities Company. From a judgment for plaintiff, defendant appeals. Affirmed.

After stating the fact that defendant was a body corporate operating a dummy line between the towns of Tuscaloosa and Holt, in Tuscaloosa county, by means of a steam dummy and cars thereto attached, and that the dummy collided with an automobile in which plaintiff was riding while the automobile was proceeding along the public highway at a grade crossing with said dummy line, it is alleged in the third count that the engineer of defendant, in charge of said engine drawing said car or cars, did wantonly and recklessly or intentionally cause said collision, and the consequent injury to plaintiff, by wantonly and recklessly or intentionally running said train upon or against said automobile in which plaintiff was riding, and while the said automobile was on the public highway in the act of crossing defendant's railway. The substance of the pleas is set out in the opinion, and as an index to the same plea 8 is here set out: Plaintiff should not have or recover

of defendant in the above cause, for that the plaintiff was contributorily negligent in the management and control of the automobile in which he was riding, in that he allowed said automobile to stop on the track of defendant a short distance in front of the engine and train of cars of defendant, and within such a short distance as not to allow the engine of defendant sufficient space in which to stop same before colliding with the automobile in which plaintiff was riding.

MOODY & MOODY, for appellant.

SAMUEL D. WEAKLEY, for appellee.

ANDERSON, C. J.—(1) Count 3 of the complaint sufficiently charged willful or wanton misconduct upon the part of the defendant's agents or servants.—*B. R., L. & P. Co. v. Barrett,* 179 Ala. 274, 60 South. 262; *Barbour v. Shebor,* 177 Ala. 307, 58 South. 276, and cases there cited. Of course, the agents or servants must be conscious of the fact that their acts or omissions will probably produce injury, in order to be guilty of willful or wanton misconduct; but the general averment of willfulness or wantonness imputes to them such consciousness. It is true, also, that this is an essential averment, when the complaint sets out, or attempts to set out, the acts—the quo modo—which constitute the willful or wanton misconduct; but where the said conduct is charged in general terms, as in count 3 of the complaint, it need not charge such consciousness, etc. The authorities cited and relied upon by appellant's counsel deal with the essential ingredients of willfulness and wantonness, but do not question the sufficiency of a general charge of same as made in the count under consideration. The trial court did not err in overruling the defendant's demurrer to this count.

(2, 3) The doctrine is well settled in this and most of the other states, as well as by the federal courts, that the contributory negligence of one in charge, or control of, a train, car, or other vehicle, cannot be visited upon a person who is a passenger therein, whether for reward or not, unless the person so riding has charge or control of the vehicle, or over the person driving or operating same.—*L. & N. R. R. Co. v. Calvert,* 170 Ala. 565, 54 South. 184; *North Ala. Co. v. Thomas,* 164 Ala. 191, 51 South. 418; *Elyton Co. v. Mingea,* 89 Ala. 521, 7 South. 666. The complaint avers that the plaintiff was riding in the car with which the defendant's train collided, as a passenger, and that said motor car was driven by one Tingley. The defendant's special pleas do not charge that the plaintiff owned or controlled the automobile, or that he had authority over or control of the driver, Tingley, and the trial court properly sustained the plaintiff's demurrer thereto, as they sought to place upon the plaintiff responsibility for the negligence of Tingley.

(4) It is true that these rulings do not conform to section 34 of the act of 1911 (page 634) known as the Automobile Act, and which said section is as follows: "The contributory negligence of the person operating or driving any motor vehicle in this state shall be imputed to every occupant of said motor vehicle at the time of such negligence in actions brought by such occupant or his personal representatives for the recovery of damages for death or personal injury whether the relation of principal and agent exists between such person operating or driving such motor vehicle and such occupant or not, provided that the provisions of this section shall not apply to passengers paying fare and riding in a motor vehicle regularly used for public hire."

The trial court evidently ignored this statute in the trial of this cause, upon the theory that the same was

unconstitutional. Counsel for appellee now suggests and argues the grounds upon which the said quoted provision should be stricken down as being repugnant to the Constitution, both of the state and of the United States. We may concede that the act is not violative of section 45 of the Constitution of Alabama, upon the idea that it does not deal with two separate and distinct subjects, and that the one general subject is clearly expressed in the title; that is, we may concede that the fixing of a liability upon occupants of a motor vehicle is cognate and germane to the general subject of regulating motor vehicles upon the highways of the state, and that the act in question can be differentiated from the one dealt with in the case of *Sheffield Co. v. Pool,* 169 Ala. 420, 53 South. 1027; also that so much of the title relating to the fixing of liability for persons riding therein is not so fatally deceptive and misleading as to not render section 34 consistent therewith, upon the theory that the subtitle fixing a liability upon occupants and section 34 changes the law of contributory negligence by fixing a burden upon the occupants for the negligence of the driver or operator. The general title may have sufficed for the incorporation into the act of section 34, without adding thereto the subtitle providing for the fixing of a liability upon occupants; still this subtitle cannot be deemed so deceptive, when compared with section 34, as to render said section invalid, as being inconsistent with and not germane to the subtitle; but we are convinced that section 34 should be stricken down as being repugnant both to our state and federal Constitutions. It is an unwarranted and unjust discrimination between persons of the same class; that is, it discriminates against persons riding in motor vehicles, because it does not reach those riding in any other kind of vehicles under similar terms and conditions.

It may be that the motor vehicle, because of its mechanism and capacity for speed, as well as it rather recent appearance and general use, is considered more dangerous than other vehicles in common use before it became such a general instrument of use and travel—as was the case when the coal oil lamp succeeded the tallow candle; yet it is a vehicle of most common use, and is recognized as having the right to the use of our highways in common with all the other modes of travel, possessing the same general rights and subject to the same general rules as to the duties and liabilities owing to the public, and the occupants of same should enjoy the same legal protection accorded to persons riding or traveling in other vehicles. We do not mean to hold that the Legislature cannot enjoin upon motor vehicle operatives certain duties and restrictions not placed upon other vehicles of an inherently different nature and character, for the protection of the public. But the right to do this does not authorize the penalizing of people who ride in same, by depriving them of a legal right enjoyed by persons riding in any other kind of vehicle, and such a discrimination cannot be justified upon the basis of a reasonable classification. Section 34 not only discriminates against persons riding in motor vehicles in favor of those riding in all other vehicles under similar conditions, but it discriminates between those who ride in motor vehicles for hire. In other words, if a person rides in a motor vehicle which is regularly used for hire, he is not responsible for the negligence of the driver or operator; yet if he rides in one for hire he is responsible, unless said vehicle is regularly operated for hire. The section denies an equal protection of the law to all persons similarly situated, and is an unwarranted discrimination.—Cooley's Constitutional Limitations, 391; *South*

*& North Ala. R. Co. v. Morris,* 65 Ala. 193; *Smith v. L. & N. R. R. Co.,* 75 Ala. 449.

(5) Of course, this constitutional guaranty does not forbid the Legislature from making a reasonable classification in the operation of our laws; but such a classification must be based upon some real and substantial distinction, bearing a reasonable and just relation to the things in respect to which such classification is imposed, and classification cannot be arbitrarily made without any such substantial basis. Arbitrary selection, it had been said, cannot be justified by calling it classification. —*Gulf R. R. Co. v. Ellis,* 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666; *Cotting v. K. C. Stock Yards,* 183 U. S. 79, 22 Sup. Ct. 30, 46 L. Ed. 92; *Sou. Ry. Co. v. Greene,* 216 U. S. 400, 30 Sup. Ct. 287, 54 L. Ed. 536, 17 Ann. Cas. 1247.

(6) We think that all of the defendant's special pleas were subject to the demurrer interposed thereto, and a detailed discussion of same can serve no good purpose; but, as counsel for appellant urges plea 8 as not being subject to the ground of demurrer, attacking it for pretermitting proximate cause, and cites the *Saxon Case,* in 179 Ala. 136, 59 South. 584, we will say that, whether this omission affected the plea or not, it was subject to other grounds of the plaintiff's demurrer. The plea does not deny that Tingley was in control of and was driving the automobile as charged in the complaint, nor does it charge that the plaintiff had control of the same, or that he had control of or authority over Tingley; non constat, while charging that the plaintiff allowed the automobile to stop on the defendant's track, it does not charge that he had any right or authority to prevent the stopping of same.

The judgment of the circuit court is affirmed.

Affirmed. All the Justices concur.