# Perkins v. Galloway.

### Injury in Automobile Accident.

(Decided October 14, 1915.  69 South. 875.)

1. *Carriers; Private; Injury; Liability.*—Where one not a common carrier voluntarily undertakes to transport another, such one is responsible for injury to the person transported, resulting from negligence, whether such service was for a compensation or was gratuitous.

2. *Negligence; Imputed; Private Character.*—Where the occupant of an automobile has no control over the driver, the doctrine of relation of carrier and passenger does not exist.

3. *Carriers; Private; Care Required.*—The duty of the owner and driver of an automobile to the occupant of the car is to exercise reasonable care in its operation so as not to unreasonably expose the occupant to danger and injury by increasing the hazard of the method of travel; such an one must exercise that care and diligence which a man of reasonable prudence engaged in like business, would exercise for his own protection, and the protection of his family and property.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Ira Perkins, as administratrix of the estate of William Perkins, deceased, against Charles Galloway. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Count AA is as follows: Plaintiff, as administratrix of the estate of William Perkins, deceased, claims of defendant the sum of $25,000 as damages for that on or about the 4th day of July, 1913, plaintiff's intestate,

while being carried as a passenger in an automobile owned by defendant, which automobile was then and there being run or operated by him along the Ashville and Gadsden public road, in Etowah county, Ala., was killed by said automobile. Plaintiff avers that the death of her intestate was proximately caused by the negligence of defendant in and about the management and operation of said automobile.

The demurrers raise the proposition that the count shows on its face that intestate was a mere licensee, and it is not averred that defendant wantonly, intentionally, or willfully killed deceased, nor is it averred that defendant was guilty of gross negligence. Other questions presented were pretermitted by the opinion.

DORTCH & ALLEN, and INZER & INZER, for appellant.

CULLI & MARTIN, for appellee.

THOMAS, J.—The question presented by this appeal is the duty of the owner and driver of a motor car to use reasonable care in its operation, and not to unreasonably expose a guest to injury.

(1) In *Liggo v. Newbold*, 23 Law Journal (1854) Exch. N. S. 108-110, the facts were: The plaintiff had hired a cart to convey her furniture. After placing thereon the load, the plaintiff and defendant's driver got upon the cart. A wheel came off, and plaintiff and furniture were thrown therefrom, and plaintiff sustained by the fall a personal injury. POLLOCK, C. B., directed the jury that the defendant was not responsible for the personal injuries to the plaintiff; his contract being only to convey the furniture. Reviewing the case, Baron Parke said: "The fact that the defendant was paid for the carriage of the goods, and not for the car-

riage of the plaintiff herself, is immaterial; the defendant being equally bound to take her carefully.—*Wilson v. Brett*, 11 Mee. & W. 113, s. c. 12 Law J. Rep. N. S. Exch. 264. No doubt, a person who undertakes to provide for the conveyance of another is responsible, although he does so gratuitously."

This rule has been extended by many cases to one not a common carrier, who voluntarily undertakes to transport another, and makes such voluntary carrier responsible for injury to the person transported resulting from negligence, whether the service was for a compensation or was gratuitous.—*Harvey v. Deep River Logging Co.*, 49 Or. 583, 90 Pac. 501, 12 L. R. A. (N. S.) 131; *Simmons v. Oregon R. Co.*, 41 Or. 151, 69 Pac. 440, 1022; *Wagner v. Missouri Pac. Ry.*, 97 Mo. 512, 10 S. W. 486, 3 L. R. A. 156; 2 Shear. & R. Neg. (4th Ed.) § 491; Beach, Cont. Neg. (3d Ed.) § 165; Wood, R. R. (Minor's Ed.) 1207; *Wilton v. R. Co.*, 107 Mass. 108, 9 Am. Rep. 11; *Edgerton v. R. Co.*, 39 N. Y. 227; *Brennan v. R. Co.*, 45 Conn. 284, 29 Am. Rep. 679; *Ry. Co. v. Scott's Adm'r*, 108 Ky. 392, 56 S. W. 674, 50 L. R. A. 381; *Waterbury v. R. Co.* (C. C.) 17 Fed. 672, note; *Mayberry v. Sivey*, 18 Kan. 291; *Baker v. Tibbits*, 162 Mass. 468, 39 N. E. 350; *Kerwhaker v. Cleveland & Co.*, 3 Ohio St. 172, 62 Am. Dec. 246; *Kay v. Penn. R. Co.*, 65 Pa. 269, 3 Am. Rep. 628.

The rule in this state defining who are passengers and the liability of the carrier thereto is thus stated by Mr. Justice SOMERVILLE, in *Lawrence v. Kaul Lumber Co.*, 171 Ala. 300, 55 South. 111: "But, if the carrier is not a common carrier of passengers, and has not expressly contracted to carry in the particular case, a person entering upon its train and taking passage thereon might be, under various circumstances, either a pas-

senger, a licensee, or a trespasser. If his presence is
without the knowledge and consent of any one in charge
of the train, he is but a trespasser. If on the invitation,
or with the knowledge and acquiescence, of such an
agent, not authorized nor shared in by his principal—
the carrier itself or its alter ego—such person would
be but a licensee. * * * If on the invitation, express
or implied, of the carrier or its alter ego manager, or
of any authorized agent, such person would be a pas-
senger. * * * In the last instance he could recover
of the carrier for injuries suffered while a passenger and
proximately caused by the simple negligence of the car-
rier; while in either of the other instances he could
recover under a proper complaint only for the wanton
negligence or willful wrong, * * * including its
failure to exercise due care to avert injury after the
danger was apparent.—*McCauley v. Tenn. Co.*, 93 Ala.
356, 9 South. 611."

Mr. Babbitt, in "The Law of Motor Vehicles" (1911)
§ 262, says: "In order to constitute the relation of car-
rier and passenger, no payment of a fare or toll is es-
sential.—*Philadelphia & Reading R. v. Derby,* 14 How.
468 [14 L. Ed. 502], was a case in which the railroad
was carrying Derby gratuitously as an invited guest.
Mr. Justice Grier says in this respect concerning Derby
that he 'was lawfully on the road at the time of the col-
lision,' and that the duty of the railroad was, 'to carry
him safely. * * * It is imposed by the law, even
while the service is gratuitous."

David's "Law of Motor Vehicles" (1911) p. 229, §
230, quotes the Appellate Division of the New York Su-
preme Court as follows: "The contributory negligence
of the driver or operator of the vehicle is not charge-
able against the passenger. * * * In such a case

[Perkins v. Galloway.]

the passenger is to be judged by the duty that the law imposes upon him under the circumstances existing at the time of the accident."

In Berry's "Law of Automobiles," § 181, p. 177, it is declared that, where the plaintiff was a guest of the defendant, and was injured by the automobile in which they were riding being run at a high rate of speed around a curve which threw plaintiff out, and it is shown that the plaintiff was not in a position to direct the operation of the automobile, he is not bound by the demands of the other occupants that the operator maintain a high rate of speed.—*Routledge v. Rambler Auto Co.* (Tex. Civ. App.) 95 S. W. 749.

Huddy's "Law of Automobiles" (2d Ed.) p. 117, § 18, declares: "One who voluntarily accepts an invitation to ride as a guest in an automobile does not relinquish his right of protection from personal injury caused by carelessness, and it should be understood by owners of motor vehicles that they assume quite a serious responsibility when they invite others to ride with them," etc.

(2) The generally prevailing view on this question is that, where the occupant has no control over the driver, even in a case where the relation of carrier and passenger does not exist, the doctrine of imputed negligence does not apply.—*Minor v. Mapes,* 102 Ark. 351, 144 S. W. 219, 39 L. R. A. (N. S.) 214; 2 Ruling Case Law, p. 1202; *Dale v. Dewer C. T. Co.,* 173 Fed. 787, 97 C. C. A. 511, 19 Ann. Cas. 1223; *Brommer v. Penn. R. Co.,* 179 Fed. 577, 103 C. C. A. 135, 29 L. R. A. (N. S.) 924; *Wachsmith v. Balt. & Ohio R. Co.,* 233 Pa. 465, 82 Atl. 755, Ann. Ces. 1913B, 679; *Wilson v. Puget Sound Elec. Ry.,* 52 Wash. 522, 101 Pac. 50, 132 Am. St. Rep. 1044; *Ouverson v. Grafton,* 5 N. D. 293, 65 N. W. 676; *Noyes v. Boscawen,* 64 N. H. 364, 10 Atl. 690, 10 Am. St. Rep.

410; *Follman v. Mankato*, 35 Minn. 527, 29 N. W. 317, 59 Am. Rep. 340; *P. W. & B. R. R. Co. v. Hogeland*, 66 Md. 166, 7 Atl. 105, 59 Am. Rep. 159; *Leavenworth v. Hatch*, 57 Kan. 61, 45 Pac. 65, 57 Am. St. Rep. 309; *Nesbit v. Garner*, 75 Iowa 319, 39 N. W. 516, 1 L. R. A. 152, 9 Am. St. Rep. 486; *Pyle v. Clark*, 79 Fed. 748, 25 C. C. A. 190; *Union Pac. Ry. v. Lapsley*, 51 Fed. 178, 2 C. C. A. 149, 16 L. R. A. 800.

In *Louisville & Nashville Railroad Co. v. Calvert*, 170 Ala. 565, 54 South. 184, the court said: "There was no evidence tending to show that the plaintiff was controlling the driving of the horse, or was in any way responsible for its movements. The fact that she testified that her father's hearing was not perfect did not place the responsibility on her to check the horse."

So in *North Alabama Traction Co. v. Thomas*, 164 Ala. 191, 51 South. 418, it was held that, when one is riding in the buggy of another at the invitation of the owner, who has the entire charge of the horse and buggy, the driver's negligence cannot be imputed to the person there by invitation, in the absence of evidence that such injured person had control of the driver. The same rule was declared in *Elyton Land Co. v. Mingea*, 89 Ala. 521, 7 South. 666, based on the authority of *Otis v. Thom*, 23 Ala. 469, 58 Am. Dec. 303; *Ga. Pacif. Ry. Co. v Hughes*, 87 Ala. 610, 6 South. 413; *Little v. Hackett*, 116 U. S. 366, 6 Sup. Ct. 391, 29 L. Ed. 652.

In *Birmingham-Tuscaloosa Railway & Utilities Co. v. Carpenter, infra*, 69 South. 626, section 34 of the act of 1911, known as the "Automobile Act" (Laws 1911, p. 649), was declared unconstitutional in the attempt to impute negligence of the driver to the occupants of the automobile or motor car, who were not passengers for hire, Chief Justice ANDERSON saying: "The doctrine

is well-settled in this and most of the other states, as well as by the federal courts, that the contributory negligence of the one in charge or control of a train, car, or other vehicle cannot be visited upon a person who is a passenger therein; whether for reward or not, unless the person so riding has charge or control of the vehicle, or over the person driving or operating the same."

In such cases, if no defense of imputed negligence of driver to occupant exists as to a third party, it cannot with reason be insisted that the negligence of the owner and driver of the car, over whom the occupant has no control, can be imputed to the occupant of the car, whether carried for pay or as an invited guest. As said by Mr. Justice Field, in *Little v. Hackett, supra*: "The identification of the passenger with the negligent driver or the owner, without his personal co-operation or encouragement, is a gratuitous assumption."

See the many authorities supporting, on this point, the decision of *Little v. Hackett, supra*, collected in volume 2, Rose's Notes of U. S. Rep. p. 36.

In this day motor vehicles are in general use for purposes of utility, as well as for pleasure. As said by Chief Justice ANDERSON in *Carpenter's Case, supra*: Motor cars have "the right to the use of our highways in common with all other modes of travel." They possess "the same general rights," and are "subject to the same general rules as to the duties and liabilities owing to the public, and the occupants of same should enjoy the same legal protection accorded to persons riding or traveling in other vehicles."

It is thus clear that one who accepts an invitation to ride in such vehicle does not thereby relinquish the claim to protection from the owner or operator of the machine the same as that accorded to persons riding in

other vehicles. The application of the principles involved is a comparatively new one. But the rule of liability for a breach of the duty to carry the passenger or guest "carefully" was fixed by Baron Parke in *Liggo v. Newbold, supra.*

(3) The express or implied duty of the car owner and driver to the occupant of the car is to exercise reasonable care in its operation not to unreasonably expose to danger and injury the occupant by increasing the hazard of that method of travel. He must exercise the care and diligence which a man of reasonable prudence, engaged in like business, would exercise for his own protection and the protection of his family and property —a care which must be reasonably commensurate with the nature and hazards attending this particular mode of travel.—*Reaves v. Maybank,* 193 Ala. 614, 69 South. 137. Failing in this duty, he will be liable to the occupant or guest in the car for injuries the result of such carelessness or lack of diligence.—*Beard v. Klusmeier,* 158 Ky. 153, 164 S. W. 319, 50 L. R. A. (N. S.) 1100; *Patnode v. Foote,* 153 App. Div. 494, 138 N. Y. Supp. 221; *Lochhead v. Jensen,* 42 Utah 99, 129 Pac. 347.

For the error of the trial court in sustaining demurrers to the simple negligence count AA, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.