Application for rehearing accordingly overruled.


# Central of Georgia Ry. Co. *v.* Jones.

### Crossing Accident.

(Decided December 16, 1915. Rehearing denied February 3, 1916. 70 South. 729.)

1. **Negligence; Contributory; Imputable.**—The contributory negligence of a driver of a vehicle is not imputable to the passengers therein, whether for reward or not, unless the person so riding has control of the driver or vehicle.

[Central of Georgia Ry. Co. v. Jones.]

**2. Railroad; Crossing Accident; Stop, Look and Listen; Imputable Negligence.**—Where plaintiff was a passenger in a vehicle and had no control over the vehicle or driver, and was injured at a public crossing by defendant's train of whose approach she was not aware, her failure to stop, look and listen was not contributory negligence.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

Action by Mollie Jones against the Central of Georgia Railway Company for damages for injuries in a crossing accident. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint alleges that while crossing the public street crossing, which was crossed by defendant's railroad track, plaintiff, while a passenger in a vehicle, was run upon, over, or against by an engine operated by defendant, upon its railroad tracks, as a proximate consequence of which she suffered certain injuries, which are set out, and avers the negligence as follows: Defendant was guilty of negligence in the control, management, operation, or equipment of said locomotive engine, and as a proximate consequence of said negligence, said engine ran on or against said vehicle on the occasion aforesaid and proximately caused plaintiff to suffer said injuries and damages. The second is like unto the first, except that it is alleged to have been wantonly or willfully done.

The following are pleas A and B: A. To the first count of complaint defendant says that plaintiff proximately contributed to her own injury in this: That the alleged collision between the wagon and train occurred in daylight. At that time plaintiff was riding on the seat of the wagon and sitting beside the driver. The train as it approached the crossing was in the unobstructed view of plaintiff for a sufficient distance to have enabled her to give the driver warning of its approach, or to have requested him to allow her to alight from the wagon, or for her to have alighted from the wagon without the wagon having stopped. And plaintiff negligently failed to look or listen for the approach of said train and was unaware of the approach of the train until the mule was on the track.

B. To the first count of the complaint defendant says that plaintiff proximately contributed to her own injury in this: That the alleged collision between the wagon and train occurred in daylight. At that time plaintiff was riding on the seat of the wagon and sitting beside the driver. The train as it approached

the crossing was in the unobstructed view of plaintiff for a sufficient distance to have enabled her to give the driver warning of its approach, or to have requested him to allow her to alight from the wagon, or for her to have alighted from the wagon without the wagon having stopped. And plaintiff negligently failed to look or listen for the approach of said train; negligently failed to give the driver warning of its approach; negligently failed to request the driver to allow her to alight from the wagon and was unaware of the approach of the train until the mule was on the track.

Charge 6 is as follows: The court charges the jury that if the railroad crossing and the approach of the engine were as much and as plainly in view of the plaintiff as of the driver of the vehicle, then it was her duty to look and listen for the approach of the engine, and if her injuries were directly caused by her failure to look and listen for the approach of the engine on the crossing, then she has contributed to her own injuries, and is not entitled to recover on the first or simple negligence count of the complaint.

LONDON & FITTS, for appellant. HARSH, BEDDOW & FITTS, and C. C. McNABB, for appellee.

ANDERSON, C. J.— (1) "The doctrine is well settled in this and most of the other states, as well as by the federal courts, that the contributory negligence of one in charge of, or control of, a train, car, or other vehicle, cannot be visited upon a person who is a passenger therein, whether for reward or not, unless the person so riding has charge or control of the vehicle, or over the person who is driving or operating same."—*Birmingham & Tuscaloosa Utilities Co. v. Carpenter*, 194 Ala. 141, 69 South. 626; *L. & N. R. R. Co. v. Calvert*, 170 Ala. 565, 54 South. 184; *Birmingham R. R. Co. v. Baker*, 132 Ala. 515, 31 South. 618; *North Ala. Co. v. Thomas*, 164 Ala. 191, 51 South. 418; *Elyton Co. v. Mingea*, 89 Ala. 421, 7 South. 666. Defendant's pleas A and B set up negligence on the part of the plaintiff for failing to stop and look and listen, though the horse was being driven by another, and there was no averment that she controlled the driver or the vehicle. The trial court did not err in sustaining the plaintiff's demurrer to these pleas.

[Central of Georgia Ry. Co. v. Jones.]

(2) Charge 6, refused the defendant (being typical of all as suggested in brief), advances the theory of negligence on the part of the plaintiff for a failure to stop and look and listen, notwithstanding she was not in control of the vehicle or driver, and it was properly refused.

Counsel for appellant cite and quote from authorities supporting the doctrine invoked by these pleas and charges, but they are not in line with the weight of authority and have often been repudiated by this court.—*Elyton Land Co. v. Mingea,* 89 Ala. 521, 7 South. 666.

The judgment of the city court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE.and THOMAS, JJ., concur.

### ON REHEARING.

ANDERSON, C. J.—We do not think that the original opinion misconceives defendant's pleas A and B, as they, in effect, set up negligence on the part of the plaintiff, who was riding with the driver, and who was not her agent or servant, and over whom she had no control, in that she failed to keep a lookout and to discover the approach of the train in time to warn the driver of the danger or to alight, as the said pleas expressly state that the plaintiff was unaware of the approach of said train. We still think that the pleas attempt to charge the plaintiff with performing the duty of the driver and of negligence for failing to keep a lookout, when it was the duty of the driver to do so and not the plaintiff. Had the plaintiff known of the approach of the train and failed to warn the driver, who was unconscious of the danger, or had she discovered it in time to extricate herself and failed to do so, she could probably not recover under count 1, and the trial court so held by overruling the plaintiff's demurrers to plea C. Pleas A and B did not charge her with knowledge of the approach of the train, but expressly state that she was unaware of the approach of said train.

The application for rehearing is overruled.