The Senate
State Capitol
Montgomery, Alabama
Dear Ladies and Gentlemen:
We are in receipt of Resolution No. 6 by Senator Little, adopted January 14, 1982, which is, in part, as follows:
SR 6 REQUESTING AN ADVISORY OPINION OF THE JUSTICES OF THE SUPREME COURT RELATIVE TO S.B. 75.
“BE IT RESOLVED BY THE SENATE OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional questions which have arisen concerning the pending bill, S.B. 75, a copy of which is attached to this resolution and made a part hereof by reference:
“1. Does Section 1 of S.B. 75 conflict with Article I, § 6 of the Constitution of Alabama of 1901?
“2. Does Section 1 of S.B. 75 conflict with Article IV, § 105 of the Constitution of Alabama of 1901?
“3. Should S.B. 75 be advertised in accordance with Article IV, § 106 of the Constitution of Alabama of 1901?
“RESOLVED FURTHER, That the Secretary of the Senate is hereby directed to send sufficient true copies of the pending bill, S.B. 75, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the *408 Supreme Court forthwith upon adoption of this Resolution.
“SYNOPSIS: This bill relates to the 37th Judicial Circuit and changes the present jury strike system in criminal cases to a one strike system in trials by jury for violations, misdemeanors or felonies, or upon appeals to the circuit courts from lower courts.
A BILL
TO BE ENTITLED
AN ACT
“Relating to the Thirty-seventh Judicial Circuit, to change the present jury strike system in criminal cases to a one strike system in trials by jury for violations, misdemeanors or felonies, or upon appeals to the circuit courts from lower courts.
BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. Upon the trial by jury of criminal cases in the circuit courts of. the Thirty-seventh Judicial Circuit, the jury shall be drawn, selected and empaneled as follows: Upon the trial by jury in the circuit courts of a person charged with a felony, including a capital felony, a misdemeanor, or violation, or upon an appeal to the circuit court from any lower courts, the court shall require a strike list or lists to be compiled from the names appearing on the master strike list. In compiling the list or lists, names of qualified jurors may be omitted on a non-selective basis. A strike list shall be furnished for the trial of any case at hand and a copy thereof given to all parties. The jurors whose names appear thereon shall be brought into open court, the case called and in the presence of the district attorney, the defendant and his attorney, shall be examined on voir dire for the trial of the case at hand. At the conclusion of the voir dire examination and the removal from the strike list of the names of those jurors who were challenged or excused for good reason, the district attorney shall be required first to strike from the strike list the name of one juror, and the defendant shall strike one, and they shall continue to strike off names alternately until only 12 jurors remain on the strike list and these 12 jurors thus selected shall be the jury charged with the trial of the case.
If any defendant shall refuse to exercise a strike to which he is entitled, then the judge presiding shall exercise that defendant’s strike for him. The number of names appearing on the strike list upon commencement of striking, unless a lesser number is agreed to by the parties, shall not be less than 18 if the offense charged is a misdemeanor or violation. No special venire shall be ordered, drawn, or summoned for the trial of any person indicted for a capital felony.
“Section 2. All laws or parts of laws which conflict with this act are hereby repealed.
“Section 3. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.”
You ask us to give our opinion on three specific questions, but the answer to each of these questions depends upon whether S.B. 75 is a “general” or “local” law. Which is it? It is a “local” law. Amendment No. 375, which amended Section 110 of the Alabama Constitution of 1901, states that “[a] local law is a law which is not a general law or a special or private law.” A “general law” is defined in Amendment No. 375 as “a law which in its terms and effect applies either to the whole state, or to one or more municipalities of the state less than the whole in a class.”
S.B. 75, by its terms, does not apply to the whole state; therefore, it is a “local” law. Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978).
We are aware that legislation similar to S.B. 75 was upheld in a litigated case styled Dixon v. State, 27 Ala.App. 64, 167 So. 340, cert. den., 232 Ala. 150, 167 So. 349 (1936), involving a statute which provided for a different mode of selecting and impanelling *409 juries in all criminal and quasi criminal cases in circuit courts in counties which had a population of 300,000 or more, which, at the time the act was adopted, applied only to circuit courts in Jefferson County. Dixon, however, was decided prior to Peddy-coart, and we call specific attention to the holding of Peddycoart regarding legislation adopted after the date of the Peddycoart decision (January 13, 1978). There, this Court opined:
“We are mindful of prior decisions which have approved enactments based upon population classifications when the classifications were found to be ‘substantial,’ were not ‘arbitrarily’ fixed, and were based upon a ‘reasonable necessity’ for the several classifications. E.g., Dearborn v. Johnson, 234 Ala. 84, 173 So. 864 (1937). No citation of authority is necessary to demonstrate the elusive nature of such a judicial test, or to point out that a number of these cases might have been decided either way. The specificity of the constitutional framers manifested by §§ 104, 105 and 110 discloses their intent, and negates tolerance with any such tests which give to both courts and legislature such widé discretion. Henceforth, when at its enactment legislation is local in its application it will be a local act and subject to all of the constitutional qualifications applicable to it. With regard to legislation heretofore enacted, the validity of which is challenged, this Court will apply the rules which it has heretofore applied in similar cases.”
Amendment No. 389, Constitution of 1901, makes provisions for determining the validity of certain population based acts enacted before January 13, 1978.
Having determined that S.B. 75 is a “local law,” we answer each of your specific inquiries.
1. “Does Section 1 of S.B. 75 conflict with Article I, § 6, of the Constitution of Alabama of 1901?”
We assume that, by asking whether S.B. 75 would violate Article I, Section 6, of Alabama’s constitution, you question whether the one-for-one strike provision in S.B. 75 is valid in view of the fact that the general law provides defendants a two-for-one strike advantage. That question is discussed and answered in Dixon v. State, supra, wherein the Court of Appeals held:
“ ‘The defendant contends that the act in question is void as denying [her] the equal protection of the laws, and argues that the decision of the Alabama Supreme Court in the case of In re Dorsey [7 Porter (Ala.) 293] supports [her] contention. The answer to this contention is that the constitutional guaranty of equal protection of the law does not forbid reasonable classification based on real and substantial distinctions. Birmingham-Tuscaloosa Ry. & Utilities Co. v. Carpenter, 194 Ala. 141, 69 So. 626. The United States Supreme Court in the case of Gardner v. Michigan, 199 U.S. 325, 26 S.Ct. 106, 50 L.Ed. 212, held that it was no denial of equal protection of the law that different jury laws obtained in different political subdivisions of a state. To the same effect is. the case of Chappell Chemical, etc. Co. v. Sulphur Mines Co., 172 U.S. 472, 19 S.Ct. 268, 43 L.Ed. 520. In 12 C.J. at page 1150, appears the following accurate statement of the law; “Counties and municipal corporations may be divided into classes based on population, and laws may be enacted to apply only to those of a certain class.”
“ ‘At page 1185 of the same work, appears the following statement: “Statutes relating to the selection of the jury and to the respective provinces of the court and jury which have been sustained as not denying the equal protection of the law include * * * statutes prescribing trial otherwise than by jury * * * in a certain city.”
“ ‘The court, therefore, holds that the act now under attack does not deny the equal protection of the law to the defendant.’ ”
We call the legislature’s attention to the fact that the act upheld in Dixon v. State was obviously upheld upon a finding by the trial court that the “classification” in that case was made in good faith and was rea *410 sonable. We call the attention of the legislature to the fact the act upheld in Dixon was then classified as a general bill with local application. We do not suggest that providing a different procedure for striking juries in Lee County, if done by a general law, would be an unreasonable classification, but that the legislature should have some justification for any such classification, as was found to be the case in Dixon v. State.
While we are of the opinion that there is no constitutional requirement that provisions for the selection and impanelling of juries should be uniform, we, nevertheless, are of the opinion that, in view of the fact that the people, by adoption of the Judicial Article (Amendment 328), have established a unified judicial system, rules governing the practice and procedure to be followed in the unified judicial system likewise should be reasonably uniform. In this connection, we call your specific attention to the fact that the Supreme Court of Alabama, pursuant to the authority granted it by § 6.11 of Amendment No. 328, is considering proposed rules of criminal procedure which would make the one-for-one strike provision applicable statewide. We also judicially know that legislation making provisions for one-for-one strikes in criminal cases in all circuits has been introduced during the current legislative session.
In view of the fact that S.B. 75 is a local law, we opine that the answer to question No. 1 is in the affirmative.
“2. Does Section 1 of S.B. 75 conflict with Article IV, § 105 of the Constitution of Alabama of 1901?”
We assume you desire to know whether S.B. 75, which makes a change in the general laws regarding the striking of juries in criminal cases, violates § 105. In State, ex rel. Brandon v. Prince, 199 Ala. 444, 74 So. 939 (1917), this Court considered the validity of a local law which worked a change in law applicable to Tuscaloosa County for selecting and drawing jurors and juries. There, this Court discussed the constitutional validity of the local act, as follows:
“If we should hold that, merely because there is a general law providing for the selecting and drawing of juries for the several counties, none of its provisions can be changed by a local law, it would be tantamount to holding that a local law cannot be passed upon that subject. We do not think that this is the meaning of section 105 of the Constitution, nor that such was the intent of the Constitution framers in ordaining it.
“It is a part of the judicial history of this state before and since the adoption of the Constitution of 1901 that the methods and agencies for the selecting and drawing of jurors, etc., have been provided for by both local and general statutes. As before stated, there being no constitutional provision requiring the laws on this subject to be uniform in all the counties or all the courts, the Legislature may provide different laws for different counties; and it is difficult to conceive how a more radical difference could be given effect than to provide by one law that the juries shall be selected and drawn by a jury commission to be appointed by the Governor, and by another that such duty and function shall be performed by a board of revenue or court of county commissioners the members of which are elected by the voters of a particular county.
“The mere fact that the things to be done by each board, or all the members thereof, are the same, does not make the laws which authorize the doing of the same things by different boards or different officers the same laws; they are different laws though they relate to the same subjects or subject matters. This is well illustrated by many local laws, relating to boards of revenue or courts of county commissioners, repeatedly upheld by this court notwithstanding there are general laws — an entire chapter of the Code — relating to this subject. See report of case of Dunn v. Dean, 196 Ala. 486, 71 South. 709, where many cases of this kind are cited and reviewed to the effect that such laws are not void under section 105 of the Constitution. Again, *411 the mere fact that there are general laws relating to circuit and chancery courts does not prevent the Legislature from providing, by local laws, for other courts to do the same work and discharge the same functions and powers as by such general provisions authorized. The general laws and the local laws in this respect are different, and not the same.” (Emphasis added.)
Brandon was decided in 1917 and its holding should be considered in light of the fact that the Judicial Article (Amendment 328) had not then been adopted. The spirit of the Judicial Article is that a unified judicial system is established in which the procedures should be uniform.
In view of the above, we are of the opinion that the procedure for the selection of juries in criminal cases is provided for by a general law, and that S.B. 75 is a local law; therefore, S.B. 75 is violative of Section 105 of the Constitution.
3. “Should S.B. 75 be advertised in accordance with Article IV, § 106, of the Constitution of 1901?”
The answer to this question is in the affirmative, because S.B. 75 is a “local law.”
Respectfully submitted,
C.C. Torbert, Jr.
Chief Justice
Hugh Maddox
James Faulkner
Richard L. Jones
Reneau Almon
Janie L. Shores
T. Eric Embry
Sam A. Beatty
Oscar W. Adams, Jr.
Justices